[No. 3455. Decided March 7, 1900.]

JOSEPHINE LILLIE, *Appellant*, v. A. J. SHAW, *Sheriff of Yakima County, Respondent.*

REPLEVIN—INSTRUCTIONS—RELEVANCY TO ISSUE.

In an action of replevin, where proof of the right of possession is sufficient to warrant a verdict for plaintiff, an instruction is erroneous which charges the jury that if they find that a certain individual (whose interest was in controversy), "or any other person," have any interest in the property, then they must find for defendant.

SAME.

In replevin, a charge to the jury that, in order to find for plaintiff, they must find that she owned the grain in controversy at the time it was taken by the sheriff; and that if she had conveyed it or sold it to any other person prior to that time, she cannot recover in this action, is erroneous, when the issue is whether the plaintiff or the community of which she is a member, is entitled to the possession of the grain.

APPEAL—HARMLESS ERROR—INSTRUCTIONS.

Where it does not affirmatively appear from the record that the giving of erroneous instructions was without prejudice, and there is a possibility that the jury was misled thereby, the appellant is entitled to a reversal.

Appeal from Superior Court, Yakima County.—Hon. JOHN B. DAVIDSON, Judge.    Reversed.

*Graves & Englehart,* for appellant.

*Belden & Belden* and *Whitson & Parker,* for respondent.

·The opinion of the court was delivered by

DUNBAR, J.—This action was brought by appellant to recover the possession of a certain lot of grain. The defendant (respondent here) is sheriff of Yakima county, and claimed that said grain had been seized under an execution issued against N. H. Lillie (who is the husband of the appellant, Josephine Lillie) and others. The said grain was claimed as the separate property of the appellant, Josephine Lillie. The contention of the sheriff was that the said grain was community property of Josephine Lillie and her husband, N. H. Lillie, and was therefore subject to levy under the said execution. Upon these issues the cause went to trial, and the jury found in favor of the defendant.

The two errors assigned, which have challenged the attention of the court, are errors in instructions numbers nine and eleven. Number nine is as follows:

" You are further instructed that if you find from the evidence that N. H. Lillie or any other person have, or had at the time of the alleged taking of the property claimed by plaintiff, any interest therein, then you must find for the defendant."

This instruction was plainly wrong. This was an action in replevin, and proof of the right of possession would have been sufficient to warrant a verdict for the plaintiff; and there might have been many interests which can be conceived of which would not have affected the right of recovery in this case. Of course, the main contention here was as to whether N. H. Lillie had an interest in this property; but the court made its instructions so specific as to embrace, not only the claim of N. H. Lillie, but that of N. H. Lillie and any other person.

Instruction number eleven is almost equally as faulty. The instruction was:

" You are instructed that, in order to find for the plaintiff, you must find from the testimony that she owned the

grain described in her complaint at the time it was taken by the sheriff. If you find that she had conveyed it or sold it to any other person prior to that time, she cannot recover in this action."

What we have said in relation to the other instruction applies in a measure to this.

It is urged by respondent that, even conceding the instructions to be technically wrong, the giving of such instructions was error without prejudice. But an examination of all the testimony in this case convinces us that it is possible the jury was misled by these instructions. They were plainly opposed to the law, were duly excepted to, and we think the appellant was entitled to have the law properly given to the jury as applicable to the circumstances of the case.

. It not appearing affirmatively from the record that the error was not prejudicial, the judgment must be reversed. As a new trial will follow, it is not necessary to discuss the other errors alleged.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.